UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DUSTIN W. MARTIN,                                )
                                                 )
                    Plaintiff,                   )
                                                 )
v.                                               )            1:25-CV-17-KAC-MJD
                                                 )
COMMISSIONER OF SOCIAL SECURITY,                 )
                                                 )
                    Defendant.                   )

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is (1) United States Magistrate Judge Michael J. Dumitru's "Report and Recommendation" ("Report") recommending that the Court affirm Defendant Commissioner of Social Security's final decision denying Plaintiff Dustin W. Martin's claims [Doc. 19] and (2) Plaintiff's Objections to the Report [Doc. 21]. Ultimately, because the findings of the Administrative Law Judge ("ALJ") were supported by "substantial evidence," the Court (1) overrules Plaintiff's Objections [Doc. 21], (2) accepts and adopts the relevant portions of the Report [Doc. 19], and (3) affirms Defendant's final decision.

## I.      **<u>Background</u>**

Plaintiff filed an application with the Social Security Administration for social security disability insurance benefits and supplemental security income [*See* Doc. 7 at 20]. The Social Security Administration denied the claims initially and upon reconsideration [*Id.*]. Unsatisfied, Plaintiff requested a hearing before an ALJ [*Id.*]. The ALJ held a hearing and denied the claims [*Id.* at 20, 33].

In her opinion, the ALJ concluded that Plaintiff was not "disabled" under the Social Security Act because he could "engage" in some "substantial gainful activit[ies]" despite "any

medically determinable physical or mental impairment or combination of impairments" [*Id.* at 20]. Plaintiff had the residual functional capacity to "perform light work, stand and/or walk for 4 hours in an 8 hour day, which would allow for a sit/stand option at 30 minute intervals; no climbing ladders, ropes, and scaffolds or crawling; other postural activities occasionally; and no exposure to workplace hazards" [*Id.* at 31]. With these limitations, a vocational expert opined that Plaintiff "would be able to perform the requirements" for vocations like "routing clerk," "price marker," and "shipping and receiving weigher" [*Id.* at 24, 31]. These classes of jobs "exist[ed] in significant numbers in the national economy" [*Id.*]. So, Plaintiff was not "disabled" under the Act [*Id.*].

In reaching this result, the ALJ analyzed several years of Plaintiff's medical records [*Id.* at 23-31]. She "considered medical opinion(s) and prior administrative medical finding(s)," including the findings of "medical consultants" and Julana Monti, M.D. [*Id.* at 24, 29-30]. Dr. Monti conducted Plaintiff's "consultative physical examination," examining him once [*Id.* at 30].

The ALJ assessed that Dr. Monti's opinion was "vague and unsupported by her [Dr. Monti's] own examination findings" and therefore only "minimally persuasive" [*Id.* at 30-31]. The ALJ agreed that Dr. Monti's findings supported "a degree of limitation," but the ALJ disagreed that the findings supported limitations to "the extent" "opined by Dr. Monti" [*Id.* at 31]. The ALJ "[s]pecifically" reasoned that Dr. Monti's proposed "limitations" were "disproved" by several facts in the record and Dr. Monti's own opinion [*Id.*]. Those facts included Plaintiff's ability to "walk into the room and place himself on the exam table without assistance," "ability to toe stand," "antalgic gait," "stable station," and ability "to bend at the waist from the standing position" [*Id.* (cleaned up)]. Further, the ALJ assessed that Dr. Monti's findings were "minimally consistent with the record as a whole" [*Id.* at 30-31]. The ALJ also noted that Dr. Monti's opinion

2

that Plaintiff "would have difficulty" performing certain tasks was vague and unhelpful because Dr. Monti did not define "difficulty," and "difficulty" is not a "vocationally specific term[]" [*Id.*].

Unsatisfied with the result, Plaintiff asked the Social Security Appeals Council to review the opinion [*See id.* at 257-59]. It declined, [*see id.* at 5-8], so "the ALJ's opinion" became Defendant's "final decision," *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Still unsatisfied, Plaintiff sought judicial review in this Court [*See* Doc. 1, 7 at 20]. Judge Dumitru considered the matter and issued a Report recommending, as relevant here, that the Court affirm Defendant's final decision. Plaintiff filed Objections [Doc. 21]. He objects that the Report erred by concluding that the ALJ "properly evaluated the supportability of Dr. Monti's opinion," raising two specific arguments [*See id.* at 1, 3]. Defendant relied on its previously-filed merits brief to support the Report and the final decision [Doc. 22].

II.      **Analysis**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a Party makes a timely objection under Section 636(b)(1)(C) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), the Court "make[s] a de novo determination" of the portions of the report "to which [the] objection is made," 28 U.S.C. § 636(b)(1)(C). *See also* Fed. R. Civ. P. 72(b)(3) (requiring "de novo" review of any disputed portion of the report).

Under the Social Security Act, an individual who suffers from a "disability" or is "disabled" may qualify for social security disability insurance benefits and supplemental security income. *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3). These definitions are similar. *See id.* And they generally require that an individual have an "inability to engage in any substantial gainful

3

activity by reason of any medically determinable physical or mental impairment" of a certain length or permanence. *See* 42 U.S.C. § 416(i)(1).

After the administrative process has concluded, the Act permits this Court to "review" a final decision made after a qualifying hearing. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). But "the scope of review is limited." *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). This Court "must affirm the Commissioner's conclusions" unless the Commissioner "failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence." *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also* 42 U.S.C. § 405(g). An ALJ's opinion satisfies the substantial evidence standard so long as "a reasonable mind might accept the relevant evidence as adequate to support" her "conclusion." *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (cleaned up). Put another way, "if substantial evidence supports the Commissioner's decision, this Court will defer to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Longworth*, 402 F.3d at 595 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)).

An ALJ is not required to "defer or give any specific evidentiary weight" to a "medical opinion[]." *See Adams v. Comm'r of Soc. Sec.*, No. 23-3284, 2023 WL 6366106, at *2 (6th Cir. Sept. 28, 2023) (citing 20 C.F.R. § 404.1520c(a)). But an ALJ should provide "reasons for discounting" a medical opinion. *See Grisier v. Comm'r of Soc. Sec.*, 721 F. App'x 473, 477 (6th Cir. 2018). In the face of conflicting medical opinions, "the most important factors" to assess "are supportability and consistency." *See id.* (cleaned up) (citing 20 C.F.R. § 404.1520c(a)). In explaining her findings and conclusions, an ALJ must "explain how the supportability and consistency factors apply to" a medical opinion. *See id.* (citing 20 C.F.R. § 404.1520c(b)(2)).

4

Here, Plaintiff specifically argues that the ALJ failed to properly evaluate the supportability of Dr. Monti's opinion [*See* Doc. 21 at 1, 3]. But the record shows otherwise. The ALJ explained that Dr. Monti's opinion was not supported by "her own findings" [*See* Doc. 7 at 30-31]. The ALJ specifically noted that the "limitations" Dr. Monti espoused were "disproved by" Plaintiff's ability to "toe stand" [*Id.* at 31]. And those limitations were further undercut by Dr. Monti's own findings that Plaintiff (1) could "walk into the room and place himself on the exam table without assistance," (2) displayed "antalgic gait" and "stable station," and (3) was able "to bend at the waist from the standing position" [*Id.* at 30-31]. Additionally, the ALJ explained that Dr. Monti's findings were only "minimally consistent with the record as a whole" [*Id.*]. In this way, the ALJ fully analyzed both the supportability and consistency of Dr. Monti's opinion. And the ALJ fully explained her reasons for concluding that Dr. Monti's opinion was only "minimally persuasive." Thus, the ALJ's findings were supported by "substantial evidence." *See Blakley*, 581 F.3d at 406; *see also Adams*, 2023 WL 6366106, at *3-4.

Plaintiff also takes issue with the fact that the ALJ rejected Dr. Monti's opinion in part because one of Dr. Monti's findings was vague and did not use "vocationally specific terms" [Doc. 21 at 3]. "[V]ague" medical opinions that "do[] not actually describe the functional limitations that would preclude the claimant from engaging in" relevant "work activity" do not help an ALJ assess whether an individual is "disabled." *See Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 434 (6th Cir. 2018). And a vague opinion may not be "supportable." *See Misty K. v. Comm'r of Soc. Sec.*, No. 2:21-CV-548, 2022 WL 4376229, at *6 (concluding in part that an ALJ "adequately discussed the supportability factor" as it relates to a medical opinion "by describing" that opinion "as vague").

Here, the ALJ explained that Dr. Monti's opinion that Plaintiff "would have difficulty" performing certain tasks was vague and not "vocationally specific" because "'difficulty' is not defined" [Doc. 7 at 31]. Put another way, because Dr. Monti did not define "difficulty," the term was not useful in the ALJ's analysis. The ALJ is not alone; several courts have reached the same conclusion. *See e.g.*, *Amber S. v. Kijakazi*, No. 1:23-CV-18-LLK, 2023 WL 8027581, *3-4 (W.D. Ky. Nov. 20, 2023) (finding "occasionally" and "difficulty" to be vague terms); *Templeton v. Soc. Sec. Admin.*, No. 2:16-CV-00061, 2018 WL 1661877, at *6 (M.D. Tenn. Mar. 20, 2018), *R. & R. adopted sub nom.*, *Templeton v. Comm'r of Soc. Sec.*, No. 2:16-CV-00061, 2018 WL 1661628 (M.D. Tenn. Apr. 5, 2018) (finding a medical opinion that a plaintiff had "difficulty performing moderate to heavy exertion" to be "vague and imprecise" and "of limited value"); *Bischoff v. Comm'r of Soc. Sec.*, No. 1:16-CV-404, 2017 WL 1324875, at *5 (W.D. Mich. Apr. 11, 2017) (finding a medical opinion to be "vague" when it expressed "only an opinion that Plaintiff would have difficulty in several areas"). This Court now joins the choir. Without a baseline definition of "difficulty," Dr. Monti's opinion regarding "difficulty" did not help the ALJ determine Plaintiff's abilities and limitations under the law. And the ALJ could properly conclude that this opinion was only "minimally persuasive."

III.     **Conclusion**

For the reasons above, the Court (1) **OVERRULES** Plaintiff's Objections [Doc. 21], (2) **ACCEPTS** and **ADOPTS** the relevant portions of the Report [Doc. 19], and (3) **AFFIRMS** Defendant's final decision. *See* 28 U.S.C. § 636(b)(1)(C); 42 U.S.C. §§ 405(g), 1383(c)(3). An appropriate judgment shall enter.

6

SO ORDERED.

_____

KATHERINE A. CRYTZER
United States District Judge

7